UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STEPHEN ULWICK<br>    Plaintiff, | )<br>)<br>) | CIVIL ACTION NO. 1:14-cv-14207 |
| v. | )<br>) | COMPLAINT |
| M/V BILLION TRADER,<br>AMETHYST SHIPPING CO., INC.,<br>VICTORIA SHIP MANAGEMENT and<br>SWISSMARINE SERVICES S.A.<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) | |

INTRODUCTION

1. This is an action for maritime personal injuries brought pursuant to the Longshore and Harbor Workers' Compensation Act which occurred on or about March 23, 2013 due to the negligent maintenance and unseaworthy condition of the M/V BILLION TRADER ("vessel") and her appurtenances while the Plaintiff, Stephen Ulwick, was working aboard her.

2. The Plaintiff asserts a cause of action against each Defendant for personal injuries based upon negligence, all claims brought under the Admiralty jurisdiction of this Court.

JURISDICTION AND VENUE

3. This is a maritime case being brought pursuant to 28 U.S.C. § 1331(1), the General Maritime Law and the Longshore and Harbor Workers' Compensation Act at 33 U.S.C. § 905(b).

4. Venue is proper pursuant to 28 U.S.C. § 1391.

PARTIES

5. The Plaintiff, Stephen Ulwick, is a resident of Wakefield, Massachusetts and is employed by Eastern Salt Company, Inc.

6. The Defendant Amethyst Shipping Co., Inc. is a Philippine corporation that, at all relevant times, was doing business in the Commonwealth of Massachusetts and owned the M/V BILLION TRADER.

7. The Defendant Victoria Ship Management is a Philippine corporation that, at all relevant times, was doing business in the Commonwealth of Massachusetts and managed the M/V BILLION TRADER.

8. The Defendant Swissmarine Services S.A. is a Swiss corporation that, at all relevant times, was doing business in the Commonwealth of Massachusetts and chartered the M/V BILLION TRADER.

## FACTUAL ALLEGATIONS

9. On March 23, 2014, the Plaintiff, Stephen Ulwick, was working in the hold of the M/V BILLION TRADER in the course of his employment as a heavy equipment operator.

10. At all relevant times the C/V RIVER WISDOM was a "vessel" within the meaning of 1 U.S.C. section 3.

11. At the time of the incident, while the vessel was in navigable waters and the Plaintiff was in the exercise of due care, he sustained serious personal injuries due to the negligence of the Defendants, their agents, servants, and/or employees.

12. More specifically, while descending the ladder from the vessel's deck into the vessel's hold, a heavy steel hatch cover broke and fell onto the plaintiff.

13. Plaintiff's severe and disabling injuries are by negligence attributable to the defendants in the following respects:

    a. Failure to exercise reasonable care under the circumstances for the safety of the Plaintiff;

    b. Failure to maintain the vessel in proper seaworthy condition;

    c. Failure to inspect the vessel for conditions which could endanger individuals working aboard her;

    d. Failure to provide a safe means to access the work; and

    e. Such other negligence as discovery may reveal.

14. The Defendant Amethyst Shipping Co., Inc. was, at all relevant times to the plaintiff's injury, the owner of the M/V BILLION TRADER.

15. The Defendant Victoria Ship Management was, at all relevant times to the plaintiff's injury, the manager of the M/V BILLION TRADER.

16. The Defendant Swissmarine Services S.A. was, at all relevant times to the plaintiff's injury, the charterer of the M/V BILLION TRADER.

## COUNT I
### 33 U.S.C. § 905(b) – NEGLIGENCE
(Stephen Ulwick v. Amethyst Shipping Co., Inc.)

17. Paragraphs 1 through 16 are realleged and incorporated herein by reference.

18. The injuries sustained by the Plaintiff, Stephen Ulwick, were due to no fault of his own but were caused by the negligence of this Defendant.

19. The defendant had a duty to maintain their vessel in a seaworthy and safe manner, for the protection of individuals working aboard the vessel, and breached that duty.

20. The Defendant's negligence exposed the plaintiff to an unreasonable risk of harm.

21. The negligent acts of the Defendant were the proximate cause of the Plaintiff's injuries.

22. As a result of the Defendant's negligence, the Plaintiff has suffered painful and disabling injuries resulting in the need for extensive past, present, and future medical treatment; permanent

disability; and loss of enjoyment of life – all of which the Plaintiff, Stephen Ulwick, is entitled to recover from the Defendants.

### REQUEST FOR RELIEF

a. That this Court, under Count I, enter judgment in favor of the Plaintiff, Stephen Ulwick, against the Defendant.

b. For such other relief as this Court deems appropriate.

### COUNT II
#### 33 U.S.C. § 905(b) – NEGLIGENCE
(Stephen Ulwick v. Victoria Ship Management)

23. Paragraphs 1 through 22 are realleged and incorporated herein by reference.

24. The injuries sustained by the Plaintiff, Stephen Ulwick, were due to no fault of his own but were caused by the negligence of this Defendant.

25. The defendant had a duty to maintain the vessel in a seaworthy and safe manner, for the protection of individuals working aboard the vessel, and breached that duty.

26. The Defendant's negligence exposed the plaintiff to an unreasonable risk of harm.

27. The negligent acts of the Defendant were the proximate cause of the Plaintiff's injuries.

28. As a result of the Defendant's negligence, the Plaintiff has suffered painful and disabling injuries resulting in the need for extensive past, present, and future medical treatment; permanent disability; and loss of enjoyment of life – all of which the Plaintiff, Stephen Ulwick, is entitled to recover from the Defendants.

### REQUEST FOR RELIEF

a. That this Court, under Count II, enter judgment in favor of the Plaintiff, Stephen Ulwick, against the Defendant.

b. For such other relief as this Court deems appropriate.

## COUNT III
### 33 U.S.C. § 905(b) – NEGLIGENCE
(Stephen Ulwick v. Swissmarine Services S.A.)

29. Paragraphs 1 through 28 are realleged and incorporated herein by reference.

30. The injuries sustained by the Plaintiff, Stephen Ulwick, were due to no fault of his own but were caused by the negligence of this Defendant.

31. The defendant had a duty to maintain the vessel in a seaworthy and safe manner, for the protection of individuals working aboard the vessel, and breached that duty.

32. The Defendant's negligence exposed the plaintiff to an unreasonable risk of harm.

33. The negligent acts of the Defendant were the proximate cause of the Plaintiff's injuries.

34. As a result of the Defendant's negligence, the Plaintiff has suffered painful and disabling injuries resulting in the need for extensive past, present, and future medical treatment; permanent disability; and loss of enjoyment of life – all of which the Plaintiff, Stephen Ulwick, is entitled to recover from the Defendants.

### REQUEST FOR RELIEF

a. That this Court, under Count III, enter judgment in favor of the Plaintiff, Stephen Ulwick, against the Defendant.

b. For such other relief as this Court deems appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

Respectfully submitted
By his attorney,

/s/ Thomas M. Bond
Thomas M. Bond, B.B.O. No. 546649
THE KAPLAN/BOND GROUP
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
(617) 261-0080
tbond@kaplanbond.com

November 19, 2014

> I certify that a true copy of the above document was served upon each attorney of record by ECF on November 19, 2014
>
> /s/ Thomas M. Bond