UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STEPHEN ULWICK, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 14-cv-14207-IT |
| M/V BILLION TRADER, | * | |
| AMETHYST SHIPPING CO., INC., | * | |
| VICTORIA SHIP MANAGEMENT, and | * | |
| SWISSMARINE SERVICES S.A., | * | |
| | * | |
| Defendants. | * | |

ORDER
June 20, 2016

TALWANI, D.J.

The court entered Judgment for Plaintiff on May 17, 2016. On June 16, 2016, Defendants Amethyst Shipping Co., Inc. and Victoria Ship Management filed a <u>Fed. R. Civ. P. 60(b)(6) Motion for Relief</u> [#30] and a <u>Notice of Appeal</u> [#33]. Under Fed. R. App. P. 4(a)(4)(A)(vi) and 4(a)(4)(B)(i), if a party files a Rule 60 motion in the district court no later than 28 days after the judgment is entered, a notice of appeal does not becomes effective until the court disposes of the Rule 60 motion. Here, however, Defendants filed their Rule 60 motion 30 days after judgment was entered. Accordingly, Defendants' notice of appeal is currently pending.

In these circumstances, the district court may "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P 62.1. If the district court is not able to dispose of the motion within a few days because the court requires further briefing, the court should issue a brief memorandum "indicat[ing] that the motion is non-frivolous and not

capable of being fairly decided solely on the basis of the court's initial screening and that the court will require a specified number of more days to complete its review and issue an order." Com. of P.R. v. SS Zoe Colocotroni, 601 F.2d 39, 42 n.3 (1st Cir. 1979).

Rule 60(b)(6) gives the court broad discretion to relieve a party from judgment "where exceptional circumstances justifying extraordinary relief exist." Ahmed v. Rosenblatt, 118 F.3d 886, 891 (1st Cir. 1997). A 60(b)(6) movant must also "make a suitable showing that the movant has a meritorious claim." Id. Defendants' arguments that exceptional circumstances are present warranting relief under Rule 60(b)(6) and that the court did not award the appropriate pre-judgment interest rate are non-frivolous and not capable of being decided solely on the basis of the court's initial screening. The court requests additional briefing and anticipates that it will require 21 more days to determine whether to deny the motion, or to state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Defendants also seek to reopen the damages hearing to offer evidence "indicating the shoulder [injury] was an afterthought" and that calculated wage loss award "constitutes an . . . overpayment . . . ." Defendants, however, have not made a suitable showing that these claims are meritorious.

Accordingly, Plaintiff shall no later than June 27, 2016 file a response to Defendants' motion.  Plaintiff's response shall be limited to whether exceptional circumstances are present and the appropriate pre-judgment interest rate.  Defendants may file a reply to Plaintiff's filing no later than July 5, 2016.

IT IS SO ORDERED.

Date:   June 20, 2016                                              /s/ Indira Talwani
                                                                   United States District Judge