UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN ULWICK, <br><br> Plaintiff, <br><br> v. <br><br> M/V BILLION TRADER, <br> AMETHYST SHIPPING CO., INC., <br> VICTORIA SHIP MANAGEMENT, and <br> SWISSMARINE SERVICES S.A., <br><br> Defendants. | Civil Action No. 14-cv-14207-IT |

MEMORANDUM

July 28, 2016

TALWANI, D.J.

    Defendant Amethyst Shipping Co., Inc. and Victoria Ship Management (collectively "Defendants") filed a Notice of Appeal [#33] in this maritime personal injury action thirty days after the court entered judgment. On the same day, Defendants filed their Fed. R. Civ. P. 60(b)(6) Motion for Relief [#30]. Because the motion was filed more than 28 days after judgment, the court may not grant the motion unless the Court of Appeals remands for that purpose. See Fed. R. Civ. P 62.1 (setting forth procedure where a motion for relief is filed that the district lacks authority to grant because of a pending appeal); Fed. R. App. P. 4(a)(4)(A)(vi), 4(a)(4)(B)(i) (stating that a notice of appeal filed within 30 days of a judgment does not become effective until the district court disposes of a Rule 60 motion so long as the Rule 60 motion is filed within 28 days of the judgment). On review of the parties' briefing, the court would grant Defendants' Rule 60(b)(6) motion in part if the Court of Appeals remands for that purpose. Specifically and for the reasons set forth below, the court would find that extraordinary

circumstances are present and that the appropriate pre-judgment interest rate awarded here should be reconsidered.

      First, Rule 60(b)(6) gives the court broad discretion to relieve a party from judgment "where exceptional circumstances justifying extraordinary relief exist." Ahmed v. Rosenblatt, 118 F.3d 886, 891 (1st Cir. 1997). Here, Defendants contacted prior counsel about the status of this case in late March and again in early April 2016. Marushima Kazuki Decl. Supp. Def.'s Fed. R. Civ. P. 60(b)(6) Mot. Relief ["Kazuki Decl."] ¶ 4 [#31]. Prior counsel responded by e-mail that he had completed a deposition of the Plaintiff and obtained the Plaintiff's medical records and wage information and that he would "follow shortly with a full report on the deposition and reco[m]mendations." Id.; see also id. Ex. 1 3 [#31-1]. Prior counsel's e-mail did not mention that the court had ordered Defendants to answer Plaintiff's interrogatories and respond to Plaintiff's requests for production of documents, see Order [#12]; that the Plaintiff had moved for entry of default judgment for Defendants' failure to obey the court's order, see Pl.'s Mot. Entry Default J. [#13]; and that counsel had mooted that sanction motion by stipulating to Defendants' admission of liability, and agreeing on Defendants' behalf not to contest liability and not to raise comparative negligence as a defense, see Electronic Clerk's Notes [#14]; Amended Scheduling Order [#16]; Stipulation as to Liability and Future Case Management [#17]; Electronic Order [#18]. Defendants did not consent to these stipulations. See Kazuki Decl. ¶ 4 [#31]. Counsel also failed to notify Defendants that the court had scheduled a damages hearing for April 20, 2016. See Electronic Clerk's Notes [#19]. Prior counsel's email to his clients was affirmatively misleading and failed to disclose critical information about that the case to his clients.

      Had Defendants been aware that counsel had stipulated to liability and that a damages hearing was scheduled, they may have retained different counsel or otherwise made sure that the

issues now being raised were timely litigated at the damages hearing. Instead, the case proceeded forward, with prior counsel failing to file proposed findings of fact and conclusions of law in advance of the damages hearing as directed by the court, and failing to appear at the damages hearing.

Defendants' efforts to defend this case were directly impeded by prior counsel's misleading e-mail. While the "high threshold" erected Rule 60(b)(6) reflects a strong interest in respecting the finality of judgments, Giroux v. Fed. Nat'l Mortg. Ass'n, 801 F.3d 103, 106 (1st Cir. 2016), the court finds these circumstances sufficiently extraordinary to satisfy the Rule 60(b)(6) standard.

In addition to extraordinary circumstances, a Rule 60(b)(6) movant must also "make a suitable showing that the movant has a meritorious claim." Ahmed, 118 F.3d at 891. Defendants seek to reopen the damages hearing to offer evidence indicating that Plaintiff's shoulder injury was "an afterthought," that the court's lost wages was an "overpayment," and that the court's selection of 12 percent as the pre-judgment interest rate was inappropriate. Defendants have not made a suitable showing that the first two claims are meritorious. On review of the parties' further submissions, however, the court determines that the appropriate pre-judgment interest rate should be reconsidered.

In admiralty law "[t]he essential rationale for awarding prejudgment interest is to ensure that an injured party is fully compensated for its loss" and prejudgment interest is "an element of just compensation," not a penalty. City of Milwaukee v. Cement Div., Nat'l Gypsum Co., 515 U.S. 189, 196-97 (1995). While the court enjoys "broad discretion and may look to state law or other reasonable guideposts indicating a fair level of compensation" in setting a pre-judgment interest rate, Marine Overseas Servs., Inc. v. Crossocean Shipping Co., Inc., 791 F.2d 1227,

1236 (5th Cir. 1986), that discretion is best exercised after both sides have presented their arguments to the court as to what guideposts serve this rationale and the court has considered all the equities involved. See U.S. v. M/V Zoe Colocotroni, 602 F.2d 12, 13 (1st Cir. 1979) (finding no abuse of discretion where the district court refused to award prejudgment interest at a rate higher than the forum state's pre-judgment rate, where the decision was reached after considering all the equities involved).

Accordingly, if the Court of Appeals remands this action for the purpose of the court granting Defendants' Fed. R. Civ P. 60(b)(6) Motion for Relief [#30], the court would allow the motion in part to allow for reconsideration of the pre-judgment interest rate.

In accordance with Fed. R. Civ. P. 62.1(b) and Fed R. App. P. 12.1(a), Defendants shall promptly notify the circuit clerk of this Memorandum.

IT IS SO ORDERED.

Date:   July 28, 2016                                        /s/ Indira Talwani
                                                              United States District Judge